[No. 14777. Department Two. June 7, 1918.]

CHESTER RAINEY, *Respondent*, v. E. N. PEARCE *et al.*, *Appellants.*[1]

APPEAL—REVIEW—HARMLESS ERROR. In an action tried to the court, error in admitting evidence is harmless where it is apparent that the evidence was disregarded.

WORK AND LABOR—SALARY—QUANTUM MERUIT. Where plaintiff's employment was admitted, and the evidence showed that no specific salary was agreed upon, the plaintiff was entitled to recover upon *quantum meruit*.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered October 31, 1917, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Gus L. Thacker,* for appellants.

*C. D. Cunningham,* for respondent.

MOUNT, J.—This action was brought to recover for labor performed by the plaintiff for the defendants between the 1st day of April, 1916, and the 15th day of August of the same year. In the complaint it was alleged that the defendants were engaged in the business of manufacturing and selling inventions; that plaintiff was employed as manager of the business; that his services were reasonably worth the sum of $275 per month, which defendants agreed to pay. Plaintiff also

[1]Reported in 173 Pac. 328.

alleged that he had expended for the use and benefit of the defendants $250, and prayed for judgment in the sum of $1,650. The answer of the defendants, after denying that they had employed the plaintiff at any agreed salary, alleged affirmatively that the plaintiff agreed to accept as full compensation for his services ten per cent of the profits derived from the manufacture and sale of a pneumatic shock absorber, provided he continued as general manager of the business; that plaintiff, on or about the 15th day of August, 1916, abandoned his contract, to the damage of the defendants in the sum of $40 per month. As an affirmative defense, they alleged counterclaims for material and supplies and for the use of an automobile furnished the plaintiff, and asked for a judgment against the plaintiff in the sum of $701.52. These allegations were denied by reply. Upon these issues the case was tried to the court without a jury, and resulted in a judgment in favor of the plaintiff for the sum of $825.60. The defendants have appealed from that judgment.

They make two assignments of error to the effect: First, that the court erred in admitting expert evidence as to the qualifications and reasonable value of the services of the respondent; second, in entering judgment in favor of the respondent and refusing to find the facts proposed by the appellants.

Upon the first point it is argued that the court erred in receiving the evidence of certain witnesses who were called to testify as to the value of the respondent's services, because these witnesses were not qualified to testify to such services. These witnesses testified that such services were worth from $250 to $300 per month. Whether this evidence was admissible because the witnesses were not qualified to testify, we think it is not necessary to decide, because the court, upon other evi-

dence, concluded that the reasonable value of the services was $150 per month, and made a finding to that effect; so it is apparent that the court disregarded the evidence of the experts as to the value of the services, and therefore, if it was error to admit this testimony, no harm was done to the appellants.

Upon the next assignment of error it is argued that the court erred in allowing the respondent to recover upon a *quantum meruit,* because the evidence shows there was an agreement between the respondent and the appellants whereby the respondent agreed to become manager of the business and receive ten per cent of the profits of the business as his compensation. There was direct conflict in the evidence as to what the agreement was. It was conceded that the respondent was employed by the appellants as general manager of the business. The respondent testified that the agreement was that he should have a "good salary," and that, when he asked the appellants what they meant by a good salary, they in turn asked him what he had been receiving, and he replied "$250 to $300 a month." They thereupon said to him that, if he made good in the service, that was nothing at all; that they would not object to paying $500 a month as soon as the business was organized. The court evidently believed this testimony and concluded that there was no specific salary agreed upon, and that the respondent was therefore entitled to the reasonable value of his services, which was found to be $150 per month. The respondent disputed the evidence of the appellants to the effect that he agreed that his salary should be ten per cent of the profits of the business. Whether there was a specific contract for services was plainly a question for the court upon contradictory evidence, and we are satisfied that the trial court was justified in finding for the respondent upon that point.

We find no reversible error in the record, and the judgment is therefore affirmed.

MAIN, C. J., HOLCOMB, CHADWICK, and MACKINTOSH, JJ., concur.