[No. 15515.  Department One.  December 18, 1919.]

ROY JOHNSON, *Respondent*, v. ALEXANDER PEARSON,
*as Pearson Construction Company, Appellant.*[1]

MASTER AND SERVANT (17)—ACTION FOR WAGES—COMPLAINT.  A complaint states a cause of action on *quantum meruit* for services performed when defendant sent plaintiff to superintend certain construction work engaged in by defendant, as alleged, without any agreement for the payment of a definite sum or any contract for a specified commission.

WORK AND LABOR (5)—SALARY—QUANTUM MERUIT.  Where plaintiff was employed to superintend construction work, and the jury, on a direct conflict in the evidence, found that there was no contract as to the pay, plaintiff may recover on *quantum meruit*.

EVIDENCE (135, 135-1) — DOCUMENTARY EVIDENCE — PRODUCTION — PAPERS SUBJECT TO PRODUCTION.  It is not error to admit in evidence papers and documents which respondent had the right, upon demand, to have produced by the appellant, regardless of whether or not they were wrongfully taken or obtained.

TRIAL (101)—INSTRUCTIONS—REQUESTS.  It is not error to refuse requested instructions fully covered in the general charge.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered April 19, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.  Affirmed.

*Arthur C. Dresbach,* for appellant.

*Jay C. Allen,* for respondent.

MAIN, J.—The complaint in this action states two causes of action, one upon the *quantum meruit* for the balance due for services rendered, and the other for money paid out and expended in behalf of the defendant.  After the issues were framed, the cause was tried to the court and a jury, and resulted in a verdict

[1]Reported in 186 Pac. 667.

in favor of the plaintiff on both causes of action. From this judgment, the defendant appeals.

The appellant, for many years, had been engaged in the general contracting business, with his principal office in the city of Seattle. The respondent, for four or five years prior to the month of December, 1917, was in his employ, first as a stenographer and book-keeper, and later as an estimator. Some time early in the year 1917, the appellant entered upon the performance of a contract in the city of Portland, Oregon, which involved a large sum of money. The respondent, at about this time, was sent to Portland, as he claims, in the capacity of a managing superintendent. The appellant claims that he was to have charge of the office there and work in the same capacity that he had in the Seattle office. The respondent, by his first cause of action, seeks a recovery for the balance due on *quantum meruit* for salary earned, claiming that, when he went to Portland, he had no agreement and could not secure one from the appellant, either as to salary or as to a commission. The appellant claims that the respondent's compensation was to be twelve per cent of the net profits on the Portland job, and that, since the contract was a losing venture, he was entitled to nothing. The respondent left the employment of the appellant in the month of December, 1917, and thereafter brought this action. The appellant demurred to the complaint, and predicates error upon the action of the court in overruling the same. The complaint recites facts as the respondent viewed them, alleging that he was unable to secure a contract upon the Portland work in a definite sum or a contract for a specified commission, and seeks recovery on the *quantum meruit*. The complaint states a cause of action, and the demurrer was properly overruled.

The second point is that the action should be dismissed because the evidence showed that the respondent was working on a commission basis and that there had been a loss in the undertaking. Upon this question the evidence of the respective parties was in direct conflict and plainly presented a question for the determination of the jury. The jury apparently having found, under the instructions submitting the cause to them, that there was no contract for a fixed amount and no agreement as to the commission, the respondent had a right to recover upon the *quantum meruit*. *Rainey v. Pearce,* 102 Wash. 536, 173 Pac. 328.

There is some discussion in the briefs relative to certain papers and documents which the respondent took from the appellant's office when he resigned from the employment. The controversy over these papers arose on a Friday during the progress of the trial, and the court directed that the papers be turned over to the appellant, which was there done. The trial was not concluded on that day and was resumed on the following Monday. It thus appears that the appellant had ample opportunity to examine the papers and make such use of them as he desired. Whether the papers were wrongfully taken from the appellant's office or whether they were personal papers of the respondent is not material here. Certain of them were introduced in evidence by the respondent, over the objection of the appellant, but there was no error in this regard. The letters and papers offered in evidence by the respondent are all such that, had they not been in his possession, he would have had a right, upon demand, to have had them produced by the appellant.

Some complaint is made because the court declined to give certain instructions requested by the appellant. The instructions given clearly, concisely and accu-

rately covered the law of the case. This was all that was necessary.

The judgment will be affirmed.

HOLCOMB, C. J., MACKINTOSH, MITCHELL, and PARKER, JJ., concur.